32916. DRYDEN *v.* THE STATE.

Decided March 16, 1950.

*Claude V. Driver*, for plaintiff in error.

*Hal C. Hutchens, Solicitor-General, W. A. Foster Jr.*, contra.

GARDNER, J. 1. The evidence is sufficient to sustain the verdict. Indeed, counsel for the defendant did not argue the general grounds.

2. The three special grounds are similar in nature and are directed to the remarks of the solicitor-general during the argument of the case before a jury. The complaint in the first ground is that the solicitor-general in his argument stated: "Even if the police did take a drink of liquor, that didn't excuse the defendant for being an outlaw." At this point counsel for the defendant objected to the argument of the solicitor-general and moved for a mistrial. The Court thereupon stated: "Gentlemen, counsel have a right to argue the evidence and the defendant's statement and to draw reasonable conclusions from the evidence and the statement of the defendant. If counsel should get out of that, go beyond that, of course you will not pay any attention to the argument. You are supposed to remember the evidence and remember the defendant's statement, and then counsel in their deductions from that evidence in their

argument. I don't think the statement would justify me in declaring a mistrial. I have confidence in the jury's intelligence, unpartiality, and fairness, and I overrule the motion for mistrial." Counsel assigns error on the court's overruling the motion for a mistrial on the ground that it was improper and prejudical argument on behalf of the solicitor-general and that such argument was an unlawful attack upon the defendant's character, and that the use of the word "outlaw" in such argument was degrading and inflammable. After this ruling, the solicitor-general in effect repeated his argument as set forth in special ground 1 and similar objections were made by counsel for the defendant, which appear in special ground 1, and the court made substantially the same ruling and the defendant's attorney made substantially the same assignments of error.

In special ground 3 the solicitor-general stated: "When a man is approached by the officers of the law, and is informed by them that he is under an arrest, and he recognizes them as officers and know they have authority to arrest him as the defendant did in this case, but instead of submitting to the arrest as he should have in the first instance and he resisted the arrest, how much more do you want on which to build an outlaw?" Whereupon counsel for the defendant made approximately the same objection as specified in special ground 1 and the court made approximately the same ruling. We have studied these special grounds carefully and find no reversible error in them, in view of the court's statement,—indeed, if the law required any statement from the court in view of this argument under the evidence other than to overrule the motion for a mistrial. The remarks of the solicitor-general in no way attack the character of the defendant outside of the evidence. It appears that the solicitor-general confined his argument to deductions and inferences from the evidence and did not lug in extraneous matters other than appears from the evidence. There are many decisions to the effect that the assignments of error in the three special grounds show no cause for reversal. See, in this connection, *Smith* v. *State*, 74 *Ga. App.* 777 (41 S. E. 2d, 541), and cases cited therein.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*